UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN H. ROBB, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>v.<br><br>EDUCATION MANAGEMENT CORPORATION, EDWARD H. WEST, RANDALL J. KILLEEN, and MICK J. BEEKHUIZEN,<br><br>                              Defendants. | Case No. 2:14-cv-01287-DSC |

**ORDER**
**FOR NOTICE AND SCHEDULING OF HEARING ON SETTLEMENT**

**WHEREAS**,

(A)     This Action was originally commenced on or about September 19, 2014. By order dated December 19, 2014, Plaintiff Maurice M. Shihadi was appointed Lead Plaintiff, and Pomerantz LLP appointed Lead Counsel.  An Amended Complaint was filed on March 3, 2015, asserting claims against Defendants Education Management Corporation ("EDMC" or the "Company"), Edward H. West, Randall J. Killeen, and Mick J. Beekhuizen (collectively "Defendants") on behalf of a class of investors who purchased or otherwise acquired EDMC securities between July 1, 2011 and September 16, 2014, both dates inclusive (the "Class Period") under Sections 10(b) and 20(a) of the Securities Exchange Act (15 U.S.C. §§ 78j(b), and 78t(a)) and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (17 C.F.R. § 240.10b-5).

(B)    On April 9, 2015, the Court held an initial case management conference to discuss the conduct of the litigation.  On April 20, 2015, following the case management conference, the Court entered an Order referring the parties to mediation.

(C)    On May 18, 2015, Defendants filed a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

(D)    On June 30, 2015, the parties participated in a full-day mediation session conducted by former federal district judge Layn R. Phillips.  The parties subsequently reached an agreement to settle these claims as reflected in the Stipulation of Settlement, dated September 16, 2015, filed herewith.

Now, upon consent of the parties, and having reviewed and considered Lead Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class (the "Motion"); as well as all papers submitted in support thereof; the proposed Settlement as set forth in the Stipulation, which, together with the Exhibits annexed thereto, sets forth the terms and conditions of a proposed settlement of the above-captioned Action, dismissing the Defendants and the Defendants' Released Parties with prejudice upon the terms and conditions set forth therein; a copy of which has been submitted with the Motion and the terms of which are incorporated herewith; and all other prior proceedings in this Action; and good cause for this Order having been shown,

IT IS HEREBY ORDERED this __1st__ day of __October__, 2015, that:

1.    The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.  All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2.    This Court has jurisdiction over the subject matter of this Action and over all

2

parties to this Action, including Settlement Class Members.

3. The Court preliminarily approves the Settlement and the proposed Plan of Allocation described in the Notice as fair, reasonable and adequate, pending a final settlement and fairness hearing (the "Final Approval Hearing"). The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Lead Plaintiff or segments of the Settlement Class; and (v) warranting notice of the proposed Settlement and the Final Approval Hearing described below.

**Preliminary Determination Concerning Class Certification**

4. Pending the Final Approval Hearing, the Court has made a preliminarily determination regarding class certification such that Notice (defined below) can be disseminated to the following:

> All persons or entities that purchased or otherwise acquired EDMC securities during the Class Period, July 1, 2011 through September 16, 2014, both dates inclusive. Excluded from the Class are Defendants, all current and former EDMC directors and officers and their families, as well as all private equity funds affiliated with Providence Equity Partners, Goldman Sachs Capital Partners, and Leeds Equity Partners, and any trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above.

5. The Court preliminarily finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, and certifies a class solely for purposes of this Settlement, finding that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff has fairly and adequately represented the

interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. Based on the finding that Lead Plaintiff has fairly and adequately represented the interests of the Settlement Class, the Court preliminarily appoints Lead Plaintiff as the class representative for the Settlement Class. The Court finds that Lead Counsel has fairly and adequately represented the interests of the Settlement Class, and preliminarily appoints Lead Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. These preliminary determinations regarding class certification are solely for purposes of effectuating the Settlement.

7. If the Stipulation is terminated or is not consummated for any reason, the foregoing preliminary determinations shall be void and of no further effect and the parties to the Stipulation shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Stipulation might have asserted in the Action.

8. The Court approves the appointment of Huntington National Bank as the Escrow Agent to manage the Settlement Fund for the benefit of the Settlement Class.

9. The Court approves the appointment of Epiq Systems, Inc. as the Claims Administrator to supervise and administer the notice procedure and the processing of claims.

**Form and Timing of Notice**

10. The Court hereby approves, as to form and content, the proposed Notice, substantially in the form annexed hereto as Exhibit A, and directs that as soon as practicable after

entry of this Order, but no later than fourteen (14) days after entry of this Order granting preliminary approval, that the Claims Administrator provide the Notice to each known Settlement Class Member via first class U.S. mail, postage pre-paid. EDMC shall cooperate in the identification of Settlement Class Members by producing reasonably available information from its shareholder transfer records or transfer agent.  The Claims Administrator shall, file with the Court proof of mailing of the Notice seven (7) days prior to the Final Approval Hearing.

11. Banks, brokerage firms, institutions, and other persons who are nominees who purchased or otherwise acquired EDMC securities for the beneficial interest of other persons during the Settlement Class Period are directed to, within ten (10) days after receipt of the Notice: either (a) send the Notice and the Proof of Claim form to all beneficial owners of EDMC securities on whose behalf said nominees purchased or otherwise acquired said securities during the Settlement Class Period; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator.  The Claims Administrator shall provide the Notice to each Settlement Class Member identified through point (b) of this Paragraph via first class U.S. mail, postage pre-paid as soon as practicable thereafter.  .

12. The cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Stipulation.

13. The Court hereby approves, as to form and content, the proposed form Publication Notice, substantially in the form annexed hereto as Exhibit B, and directs that no more than twenty-one days (21) after entry of this Order granting preliminary approval the Claims Administrator shall cause such Publication Notice to be published on a national business newswire.  The Claims Administrator shall file with the Court proof of publication of the Publication Notice seven (7) days prior to the Final Approval Hearing.

14. The Court approves the proposed Proof of Claim substantially in the form of Exhibit C hereto.

15. The Court orders that the Notices, Proof of Claim, Stipulation of Settlement and all papers submitted in support thereof be posted to a website to be maintained by the Claims Administrator.

16. This Court preliminarily finds that the distribution of the Notice and the publication of the Publication Notice, and the notice methodology, contemplated by the Stipulation and this Order:

    (a) Constitute the best practicable notice to Settlement Class Members under the circumstances of this Action;

    (b) Are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Final Approval Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

    (c) Is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

    (d) Fully satisfies all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the

Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

### Participation and Exclusion

17.     Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained in the Notice.  Unless the Court orders otherwise, all Proofs of Claim and Release must be submitted no later than thirty (30) days after the date of the Final Approval Hearing.

18.     Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

19.     Any person falling within the definition of the Settlement Class may seek to be excluded from the Settlement Class by submitting to the Claims Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice and is postmarked no later than  sixty (60) days after mailing of the Notice.  Any Request for Exclusion that does not supply the information required by this paragraph 19 shall be rejected, and any such Class Member shall be bound by the Stipulation and any judgment entered in connection therewith.

20.     All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Settlement Class

Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Final Approval Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Settlement Class Member also submits a valid Proof of Claim no later than thirty (30) days after the date of the Final Approval Hearing.

### **Settlement Hearing; Right to Appear and Object**

21. A hearing (the "Final Approval Hearing") shall take place before the undersigned, the Honorable David Stewart Cercone, United States District Judge, in Courtroom No. 7A, Seventh Floor, United States Post Office and Courthouse, Pittsburgh, PA, on **Wednesday, February 17, 2016, at 11:00 AM**, to determine:

    (a) Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be approved by the Court as fair, reasonable, and adequate;

    (b) Whether judgment should be entered pursuant to the Settlement, inter alia, dismissing the Action with prejudice and extinguishing and releasing all Released Claims;

    (c) Whether the Class should be certified and whether the Class Representative and Class Counsel are adequate representatives of the Class;

    (d) Whether the application for attorneys' fees and expenses to be submitted by Lead Counsel (the "Fee and Expense Application") should be approved;

    (e) Whether the application for a compensatory award to be submitted on behalf of Lead Plaintiff should be approved;

    (f) Whether to sustain any objections to the Settlement or the Fee and Expense Application; and

    (g) Such other matters as the Court may deem necessary or appropriate.

22. The Court may finally approve the Stipulation at or after the Final Approval Hearing with any modifications agreed to by the parties and without further notice to the Settlement Class Members.

23. Lead Counsel shall file and serve papers in support of the Settlement, the Fee and Expense Application, and Lead Plaintiff's Compensatory Awards no later than twenty-eight (28) days prior to the Final Approval Hearing.

24. Any Class Member who objects to the Settlement, class certification, the judgment to be entered in this Action, and/or the application by Lead Counsel for an award of attorneys' fees and expenses, or who otherwise wishes to be heard, may appear in person or by counsel at the Final Approval Hearing and show cause why the Settlement should not be approved. Class Members are notified that, not later than twenty-one (21) days prior to the Final Approval Hearing, they must file with the Court: (i) a written notice of intention to appear; (ii) proof that you are a Class Member; (iii) a statement of your objection to any matter before the Court; and (iv) the grounds thereof or the reasons for desiring to appear and be heard, as well as documents or writings they desire the Court to consider. Failure to provide such information and documentation shall be grounds to void the objection. Copies of any objection must be served by U.S. mail, hand delivery, or overnight courier upon the following counsel:

| Lead Counsel: | Defendants Counsel: |
|---|---|
| Marc I. Gross | Perry A. Napolitano |
| Michele S. Carino | Justin J. Kontul |
| Pomerantz LLP | Reed Smith LLP |
| 600 Third Avenue | 225 Fifth Avenue |
| New York, NY 10016 | Pittsburgh, PA  15222 |

25. Lead Counsel shall file all objections with the Court seven (7) days prior to the Final Approval Hearing. All papers in response to objections or otherwise in support of the Settlement and related matters shall be filed seven (7) days prior to the Final Approval Hearing.

26. The Defendants' Released Parties shall have no responsibility for the Plan of Allocation or any Fee and Expense Application, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Stipulation.

27. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation and any Fee and Expense Application proposed by Lead Counsel should be approved.

28. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. The Court may adjourn the Final Approval Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Final Approval Hearing or any adjournment thereof.

29. If the Settlement is approved, all Settlement Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class, regardless of whether or not a Class Member submits a Proof of Claim. Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Action.

### **Other Provisions**

30. Upon payment of the Settlement Consideration to the Escrow Account by Defendants, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is

distributed or returned to the Defendants pursuant to the Stipulation and/or further order of this Court.  There shall be no distribution of any part of the Net Settlement Fund to the Settlement Class until the Plan of Allocation is finally approved and the Court issues the Settlement Fund Distribution Order.

31. Except for the obligation to cooperate in the production of reasonably available information with respect to the identification of Settlement Class Members from EDMC's shareholder transfer records, in no event shall the Settling Defendants or any of the Released Parties have any responsibility for the administration of the Settlement, and neither the Settling Defendant nor any of the Released Parties shall have any obligation or liability to the Lead Plaintiff, Lead Counsel, or the Settlement Class in connection with such administration.

32. No Person shall have any claim against Lead Plaintiff, Lead Counsel, the Settlement Class Members, the Settlement Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct.  No person shall have any claim under any circumstances against the Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

33. The Settling Defendants and all former defendants have denied, and continue to deny, any and all allegations and claims asserted in the Action, and the Settling Defendants have represented that they entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation.  This Order and the Stipulation, whether the Settlement contemplated by the Stipulation is consummated or not, and any statements made or proceedings

taken pursuant to them are not, shall not be deemed to be, and may not be argued to be or offered or received:

(a) Against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by the Lead Plaintiff in this Action or the validity of any claim that has been or could have been asserted against any of the Released Parties in this Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Parties.

(b) Against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties, or against the Lead Plaintiff or any Settlement Class Member as evidence of, or construed as evidence of any infirmity of the claims alleged by the Lead Plaintiff.

(c) Against any of the Released Parties, the Lead Plaintiff, or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties, the Lead Plaintiff, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as against any of the Released Parties, the Lead Plaintiff, or any Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation, provided, however, that, the Released Parties, the Lead Plaintiff, and any Settlement

Class Member may use it to effectuate the liability protection granted them by the Stipulation;

(d) Against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties that the Settlement Consideration represents the amount which could or would have been received after trial;

(e) Against Lead Plaintiff or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Lead Plaintiff or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by Settling Defendants or any former defendants in this Action have any merit, or that damages recoverable in this Action would not have exceeded the Settlement Fund; and

(f) As evidence of, or construed as evidence of any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

34. The Defendants' Released Parties, Lead Plaintiff, Class Members, and each of their counsel may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

35. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and

releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

36. The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to the Class Members, provided that the time or the date of the Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in Paragraph 21 above, and retains jurisdiction to consider all further applications arising out of or connected with the settlement.

**SO ORDERED** in the Western District of Pennsylvania on ___October 1___, 2015.

                        s/ *DAVID STEWART CERCONE*
                        David Stewart Cercone
                        United States District Judge