UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN H. ROBB, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EDUCATION MANAGEMENT CORPORATION, EDWARD H. WEST, RANDALL J. KILLEEN, and MICK J. BEEKHUIZEN,<br><br>Defendants. | Case No. 2:14-cv-01287-DSC |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

**WHEREAS:**

(A)     This Action was originally commenced on or about September 19, 2014. By order dated December 19, 2014, Plaintiff Maurice M. Shihadi was appointed Lead Plaintiff, and Pomerantz LLP appointed Lead Counsel. An Amended Complaint was filed on March 3, 2015, asserting claims against Defendants Education Management Corporation ("EDMC" or the "Company"), Edward H. West, Randall J. Killeen, and Mick J. Beekhuizen (collectively "Defendants") on behalf of a class of investors who purchased or otherwise acquired EDMC securities between July 1, 2011 and September 16, 2014, both dates inclusive (the "Class Period") under Sections 10(b) and 20(a) of the Securities Exchange Act (15 U.S.C. §§ 78j(b), and 78t(a)) and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (17 C.F.R. § 240.10b-5).

(B)     On April 9, 2015, the Court held an initial case management conference to discuss the conduct of the litigation. On April 20, 2015, following the case management conference, the Court entered an Order referring the parties to mediation.

(C)     On May 18, 2015, Defendants filed a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

(D)     On June 30, 2015, the parties participated in a full-day mediation session conducted by former federal district judge Layn R. Phillips. The parties subsequently reached an agreement to settle these claims as reflected in the Stipulation of Settlement, dated September 16, 2015.

(E)     For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the Court made a preliminary determination regarding class certification such that Notice could be disseminated to the following (the "Settlement Class" or the "Class"):

> All persons or entities that purchased or otherwise acquired EDMC securities during the Class Period, July 1, 2011 through September 16, 2014, both dates inclusive. Excluded from the Class are Defendants, all current and former EDMC directors and officers and their families, as well as all private equity funds affiliated with Providence Equity Partners, Goldman Sachs Capital Partners, and Leeds Equity Partners, and any trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above.

(F)     Pursuant to the Preliminary Approval Order entered on October 1, 2015, this Court scheduled a Final Approval Hearing for February 17, 2016, at 11 a.m., to determine, *inter alia*, whether the proposed Settlement, Plan of Allocation, and requests Lead Counsel's fees and expenses and Lead Plaintiff's Compensatory Award were fair, reasonable, and adequate, and should be approved by the Court (the "Final Approval Hearing").

(G)     The Court has received a declaration of Stephanie Turin dated January 20, 2016, attesting to compliance with the terms of the Preliminary Approval Order, including the mailing

of the Notice and publication of the Publication Notice.

(H) Due to adequate notice having been given to the Class as required by the Preliminary Approval Order, and the Court having held the Final Approval Hearing on February 17, 2016, and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed of the matters herein, and good cause appearing,

**NOW, IT IS HEREBY ORDERED** this 17th day of February 2016, that:

1. The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members.

3. Excluded from the Class are all persons and/or entities who excluded themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice, their names appearing on Exhibit A hereto. They are not bound by this Order and Final Judgment (the "Judgment"), and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded persons and/or entities may not pursue any Settled Claims on behalf of those who are bound by this Judgment.

4. This Court finds that the distribution of the Notice and the publication of the Publication Notice, and the notice methodology, all of which were implemented in accordance with the terms of the Settlement Stipulation and the Court's Preliminary Approval Order:

    (a) Constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

  (b) Were reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Final Approval Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Class;

  (c) Were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

  (d) Fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

  5. The terms and provisions of the Stipulation were negotiated by the parties at arm's length and were entered into by the parties in good faith.

  6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement set forth in the Stipulation is fair, reasonable, adequate, and in the best interests of the Class taking into account, *inter alia*, the benefits to the Class; the complexity, expense, and possible duration of further litigation; the risks of establishing liability and damages; and the costs of continued litigation. The Settlement set forth in the Stipulation is hereby finally approved in all respects, in accordance with the terms and provisions therein, and the Lead Plaintiff and the Class Members, and all and each of them, are hereby bound by the terms of the

Settlement as set forth in the Stipulation.

7. The Plan of Allocation, as described in the Notice and Publication Notice, is hereby approved as fair, reasonable and adequate. Any order, proceeding, appeal, modification or change relating to the Plan of Allocation or the Fee and Expense Award shall in no way disturb or affect the finality of this Judgment, and shall be considered separate from this Judgment.

8. Upon the Effective Date, Lead Plaintiff and Class Members (whether or not they submit a Proof of Claim or share in the Net Settlement Fund), on behalf of themselves and their heirs, executors, administrators and assigns, and any person(s) they represent, or anyone claiming through or on behalf of any of them, shall be deemed by this Order to have, and shall have, released, waived, dismissed, and forever discharged the Released Plaintiffs' Claims, and shall be deemed by this Order to be, and shall be forever enjoined from prosecuting each and every one of the Released Plaintiffs' Claims.

9. Upon the Effective Date, Defendants shall be deemed by this Order to have, and shall have, released, waived, dismissed, and forever discharged the Released Defendants' Claims, and shall be deemed by this Order to be, and shall be forever enjoined from prosecuting each and every one of the Released Defendants' Claims.

10. The Stipulation, and all related documents, shall not be construed as or deemed to be evidence of (i) any presumption or an admission or concession on the part of any Defendant, or any of Defendants' Released Parties, with respect to any claim or any fact alleged by Lead Plaintiff or any member of the Class, the validity of any claim that was or could have been asserted by Lead Plaintiff or any member of the Class, or any deficiency of any defense that has been or could have been asserted by the Defendants in this Action or in any other litigation, or

(ii) any negligence, fault, liability, wrongdoing, or damage whatsoever and of any kind of any of the Defendants' Released Parties or in any way referred to for any other reason as against any of the Defendants' Released Parties, in any civil, criminal, or administrative action or proceeding.

11. Whether or not the Effective Date occurs or the Stipulation is terminated, neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) may be deemed, or shall be used, offered or received against Defendants or Defendants' Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Plaintiffs' Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Defendants and their Released Parties, or any of them;

(b) may be deemed, or shall be used, offered or received against Lead Plaintiff, the Class, Lead Plaintiff's Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of Released Defendants' Claims, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action.

12. Any Party or any of the Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. To the full extent provided by Section 21D(f)(7)(A) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4(f)(7)(A), the Court hereby bars all Barred Claims against the Defendants' Released Parties. "Barred Claims" means (i) claims and claims over for contribution or indemnity (or any other claim or claim over for contribution or indemnity however denominated on whatsoever theory), arising out of or related to the claims or allegations asserted by Lead Plaintiff in the Action, or (ii) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is the actual or threatened liability of any Person, his insurers, subrogees or assigns, or anyone acting on behalf of any Person, his insurers, subrogees or assigns to Lead Plaintiff and/or Class Members arising out of or related to the claims or allegations asserted by Lead Plaintiff in the Action.

14. Upon payment of the Settlement Amount to the Escrow Account by Defendants, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned to the Defendants pursuant to the Stipulation and/or further order of this Court.

15. No person shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. This Court finds that during the course of this Action, all Parties, Lead Counsel and Defendants' Counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

18. Lead Counsel are awarded attorneys' fees in the amount of $ 750,000.00 and reimbursement of expenses, including experts' fees and expenses, in the amount of $60,131.24, such amounts to be paid from the Settlement Fund as follows;

   a. Ten (10) days following the entry of this Order, 50% of the fees and 100% of the expenses shall be paid;

   b. The balance of the fees shall be paid upon entry of an Order of Distribution of the Settlement Fund to Eligible Claimants.

19. Lead Plaintiff Maurice M. Shihadi is awarded the sum of $1,000.00, as reasonable costs and expenses directly relating to the representation of the Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

20. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining any unresolved applications for

attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all parties for the purpose of construing, enforcing and administering the Settlement.

21.     This Action and all Settlement Class Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation or this Judgment.

22.     The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of this Judgment. The Clerk is hereby directed to immediately enter this Judgment.

**SO ORDERED** in the Western District of Pennsylvania on ___February 17___, 2016.

_____
THE HON. DAVID STEWART CERCONE
UNITED STATES DISTRICT JUDGE